**Opinion issued September 23, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00319-CV

————————————

## IN RE HOUSTON DISTRIBUTING COMPANY, INC.

---

### Original Proceeding on Petition for Writ of Mandamus[1]

---

## MEMORANDUM OPINION

In this original proceeding, relator, Houston Distributing Company, Inc. ("HDC"), seeks mandamus relief from the trial court's order that granted an "Amended Motion to Strike Counter Affidavits and to Exclude and/or Limit the Testimony of Defendant's Retained Experts," filed by the real party in interest,

---

[1]    The underlying case is *Gilberto Gonzales v. Houston Distributing Company, Inc., and Ronnell Belizeard*, cause number 2017-33373, pending in the 190th District Court of Harris County, Texas, the Honorable Beau A. Miller presiding.

Gilberto Gonzales. In four issues, HDC argues that (1) the trial court erred in striking Sandip Gupta's counter-affidavit; (2) the trial court erred in excluding Gupta as a testifying expert; (3) the trial court erred in excluding Dr. Stuart Weil from testifying; and (4) it has no adequate remedy by appeal.

## Background

The underlying litigation stems from an automobile accident involving HDC's driver and Gonzales. HDC asserts that Gonzales submitted 41 billing records affidavits swearing to the reasonableness and necessity of his medical costs and treatment.[2] In response, HDC submitted five counter-affidavits prepared by Gupta, which contested 33 of Gonzales's billing records affidavits, thus challenging the reasonableness of Gonzales's medical costs.

On March 2, 2020, Gonzales filed an amended motion to strike, arguing that Gupta's counter-affidavits were incompetent because "they fail to demonstrate on their face that Mr. Gupta is qualified to express the opinions set forth in the counter affidavits." Specifically, Gonzales argued that Gupta was not a doctor or scientist and did not "purport to have any medical or scientific training whatsoever," but "a

---

[2]     *See* TEX. CIV. PRAC. & REM. CODE 18.001. The Texas Legislature amended section 18.001 in 2019. *See* Act of May 20, 2019, 86th Leg., R.S., ch. 779, § 1, 2019 Tex. Sess. Law Serv. 2210, 2210–12 (amending TEX. CIV. PRAC. & REM. CODE § 18.001). Based on the trial court's order at issue here, the suit commenced in 2017. Because the amended version took effect for actions commenced after September 1, 2019, the pre-amended version applies.

2

salesman with a bachelor's degree in marketing from the University of Texas at Austin." Although acknowledging that Gupta is a medical coder, Gonzales argued that Gupta has only been in that role for approximately two years. Gonzales further argued that because Gupta was not qualified to submit the counter-affidavits and because some were untimely, the counter-affidavits must be stricken and both Gupta and Dr. Weil must be excluded from providing any testimony. In his prayer, Gonzales argued that "because Defendant's counter affidavits fail to establish that Mr. Gupta is qualified to opine on this subject matter, the Court must strike Mr. Gupta's three counter affidavits, prevent Mr. Gupta from testifying at trial, and prevent Mr. Gupta and Dr. Weil from testifying about the reasonableness and necessity of [Gonales's] medical treatment and costs."

HDC responded to the amended motion to strike, arguing that Gupta's affidavit established his qualification. HDC explained that Gupta did not need to be a medical doctor to submit a counter-affidavit and pointed out that Dr. Weil never provided a counter-affidavit and was not purported to be an expert pursuant to chapter 18, but was designated as an expert pursuant to Rule 192.7(c).[3]

On March 25, 2020, the trial court signed an "Order Granting Plaintiff's Motion to Strike Counter Affidavits and to Exclude and/or Limit the Testimony of

---

[3] *See* TEX. R. CIV. P. 192.7(c) (defining testifying expert as "an expert who may be called to testify as an expert witness at trial").

Defendant's Retained Experts," stating "Because the Court finds that [HDC] has not submitted proper and timely counter affidavits, and because Defendant's counter affidavits fail to establish that Mr. Sandip Gupta is qualified to opine on this subject matter," the affidavits of Gupta are stricken. The trial court further ordered that neither Gupta nor Dr. Weil were allowed to testify regarding the reasonableness and necessity of [Gonzales's] medical treatment and costs and that Gupta was "prevented from testifying at the trial of this matter."

On June 2, 2021, HDC moved for reconsideration of the trial court's order, arguing that a recent opinion from the Texas Supreme Court required the trial court to permit the counter-affidavits and to allow Gupta and Dr. Weil to testify. *See In re Allstate Indemnity Co.*, 622 S.W.3d 870 (Tex. 2021) (orig. proceeding). HDC stated that "without any challenge to Dr. Weil or Mr. Gupta as retained experts pursuant to Rule 702, Dr. Weil and Mr. Gupta must be permitted to testify regarding the Plaintiff's medical costs and treatment."

Gonzales responded to the motion for reconsideration, acknowledging that *Allstate* clarified section 18.001, but he continued to maintain that *Allstate* did not change the qualification requirements for affiants of counter-affidavits. Gonzales asserted that Gupta was not qualified and that the trial court should deny the motion for reconsideration to the extent it sought to "revive Mr. Gupta's would-be counter affidavits." Gonzales also "concede[d] that [HDC] should be allowed to, as the

4

Supreme Court stated, 'challenge—through evidence or argument—the claimant's assertion that h[is] medical expenses are reasonable and necessary,' regardless of whether or not Mr. Gupta filed proper counter affidavits." Gonzales maintained that Gupta and his counter-affidavits still failed to meet the first part of the section 18.001 test because he is "not qualified by knowledge, skill, experience, training, education, or other expertise to testify in contravention of all or part of any of the matters contained in Plaintiff's initial affidavits." Gonzales asked the trial court to deny the portion of HDC's motion for reconsideration and to enforce the trial court's March 25, 2020 order "to the extent that it strikes Mr. Gupta's counter affidavits due to him being unqualified" and further requested that the trial court "enforce that portion of its previous order as to any newly-offered counter affidavits from Mr. Gupta because . . . he fails the *In re Allstate* test."

HDC replied to Gonzales's response to the motion for reconsideration, pointing out that Gonzales's response did not address HDC's complaint about excluding Dr. Weil from testifying as to the reasonableness and necessity of Gonzales's medical treatment and stating that Gonzales appeared to concede the issue. HDC re-urged its previous points and asked the trial court to grant its motion for reconsideration.

Without stating its reasons, the trial court denied HDC's motion for reconsideration on June 15, 2021. The next day, HDC filed its mandamus petition

5

and sought an emergency stay of trial proceedings. On June 17, we granted the emergency stay of trial and requested a response. Gonzales filed a response and HDC filed a reply.

## Standard of Review and Applicable Law

To be entitled to mandamus relief, a relator must show that the trial court clearly abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135–136 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when a decision is arbitrary, unreasonable, and without reference to guiding principles. *In re A.L.M.-F*., 593 S.W.3d 271, 282 (Tex. 2019). Trial courts have no discretion in determining what the law is or applying the law to the facts. *In re Fox River Real Est. Holdings*, *Inc*., 596 S.W.3d 759, 763 (Tex. 2020) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Section 18.001 provides "for the use of affidavits to streamline proof of the reasonableness and necessity" of past expenses. *Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018). The statute provides in relevant part:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. PRAC. & REM. CODE § 18.001(b).

6

"A party intending to controvert a claim reflected by the affidavit must" timely serve a counter-affidavit on each party or the party's attorney. *Id.* § 18.001(e). The counter-affidavit must provide "reasonable notice of the basis on which the party serving it intends at trial to controvert the claim reflected by the initial affidavit"[4] and must be made by a person "who is qualified, by knowledge, skill, experience, training, education, or other expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit." *Id.* § 18.001(f).

## Qualification of Counter-Affiant

In its first issue, HDC argues that the trial court clearly abused its discretion in striking Gupta's timely filed counter-affidavits. Specifically, HDC argues that Gupta is qualified pursuant to section 18.001(f). Gonzales responds that Gupta is unqualified to render a section 18.001(f) opinion about the reasonableness and necessity of Gonzales's medical treatment and costs.

HDC relies primarily on *In re Allstate* to support its argument that Gupta is qualified. HDC notes that in *Allstate*, the "Court found that the counter-affidavit affiant was qualified because she was a professional coder, was once a nurse, uses

---

[4] Gonzales did not object that Gupta's counter-affidavits failed to give reasonable notice.

7

CPT[5] codes and compares the codes to the plaintiff's itemized bills, then imputes the codes to a database to determine the median charge for the service associated with the relevant geographic location and date of service."

HDC then points out that Gupta works exclusively with medical cost data and uses the "same methodology as the counter-affiant in *Allstate*, which includes comparing medical CPT codes with the geographic location of service to determine the median charge." HDC lists Gupta's qualifications as provided in his affidavit:

> I am the Director of Data Services and Market Pricing Intelligence of Compass Professional Health Services, a healthcare cost containment company with expertise in the reasonableness and necessity of medical care charges. As Director of Data Services and Market Pricing Intelligence of Compass Professional Health Services, my services have included creation of a database of comparative pricing for health care services for individuals and companies to use in comparing costs of medical services and savings opportunities. I have led the Compass Reporting team who is responsible for providing cost-related reporting back to all of our Compass clients. My background and experience in management and processing of healthcare claims for payment includes those covered and not covered by insurance and has qualified me in the navigation and assessment of what medical charges are reasonable, as well as, what medical charges are paid by various insurance companies. Based upon my experiences, education, and work, I have knowledge regarding the charges, costs, expenses, billing, and payment of medical bills for services rendered and the reasonable amounts charged and paid by medical providers, patients, and

---

[5] The Texas Supreme Court noted that CPT (Current Procedural Terminology) codes are uniform codes for medical, surgical, and diagnostic services that have been developed and published by the American Medical Association and are standardized throughout the country. *In re Allstate*, 622 S.W.3d 870, 874 n.2 (Tex. 2021).

third parties, and I am familiar with reasonable medical charges or costs for medical services rendered in Texas, including Bexar County, Comal County, Hays County and surrounding counties.

Gupta concluded that the charges from various medical providers were not reasonable because the costs listed on the billing records "far exceeds the reasonable costs for such services in the Bexar County, Comal County, Hays County and surrounding counties." Gupta further stated that "I hold these opinions to a reasonable degree of scientific certainty. My opinions are based upon extensive medical market cost data for Bexar County, Comal County, Hays County and surrounding counties, as well, as my skill, knowledge, education, training and experience in healthcare cost containment."

Gupta included his resume, which showed that he had been working as the Director of Data Services and Market Pricing Intelligence since January 2018. Prior to his work as director, Gupta served as a Business Intelligence Manager from 2016 to 2017 where he "provided medical price benchmark services to the Advisory Board Company, a major hospital best practices firm."

Although Gupta is not a nurse or medical practitioner, such a requirement is not necessary to be qualified to submit a counter-affidavit. *See Gunn*, 554 S.W.3d at 673 (providing that insurance agents, who have access to national and regional bases on which to compare prices actually paid, "are generally well-suited to determine the reasonableness of medical expenses"). Here, Gupta provided that he

works for a healthcare cost containment company with expertise in the reasonableness and necessity of medical care charges, that he has created a database of pricing for health care services and that his background and experience qualifies him in the assessment of what medical charges are reasonable. Gupta's resume likewise shows that for the past nine years, he worked for Compass Professional Health Services. In one of those years, he served as the manager who provided medical price benchmark services to a major hospital best practices firm. In the past three years, Gupta served as a director, developing tools and reporting modules to allow for rapid analysis of medical pricing benchmarks on custom code, geographic and procedure type inputs. Based on Gupta's knowledge, experience, and training as reflected in his counter-affidavit and resume, we conclude that Gupta satisfied the qualification requirements to submit a counter-affidavit, and the trial court abused its discretion holding otherwise. *See id.* at 673 (providing that insurance agents, who have access to national and regional bases on which to compare prices actually paid, "are generally well-suited to determine the reasonableness of medical expenses").

We sustain HDC's first issue.

### Exclusion of Gupta's Testimony At Trial

In its second issue, HDC argues that the trial court clearly abused its discretion in excluding Gupta as a testifying expert on the basis that his counter-affidavit was

10

stricken. Gonzales responds that *Allstate* does not "provide that unqualified counter affiants whose counter affidavits are stricken may testify at trial about the reasonableness or necessity of a Plaintiff's health care treatment and costs." Gonzales contends that section 18.001(f) is a valid, legal basis to strike Gupta's counter-affidavits and exclude his testimony.

Even if we had not concluded that the trial court abused its discretion in striking Gonzales's counter-affidavits, Gonzales's argument that section 18.001(f) allows the trial court to exclude Gupta's testimony at trial is incorrect. As stated by the Texas Supreme Court, section 18.001 is "purely procedural," "[t]here is no textual support for the assertion that the absence of a proper counteraffidavit constitutes a basis to constrain the defendant's ability to challenge—through evidence or argument—the claimant's assertion that her medical expenses are reasonable and necessary," and "the opposing party's failure to serve a compliant counteraffidavit has *no* impact on its ability to challenge reasonableness or necessity at trial." *Allstate*, 622 S.W.3d at 881. The Texas Supreme Court likewise stated that "Section 18.001 nowhere provides for the exclusion of any evidence based on the absence of a proper counteraffidavit." *Id*. at 882.

While the trial court did not have the benefit of *Allstate* when it initially ruled to preclude Gupta from testifying, HDC's motion for reconsideration informed the trial court of *Allstate*'s holdings. Despite *Allstate*'s clarification of section 18.001,

11

the trial court still denied HDC's motion for reconsideration. The trial court's order preventing Gupta from testifying because of its finding that Gupta submitted a deficient counter-affidavit is a clear abuse of discretion. *See In re Allstate*, 622 S.W.3d at 822. Subject to any Rule 702 objections, *Allstate* clarifies that Gupta may still testify at trial. *See id.* (stating that "[w]hether a witness is qualified to provide expert testimony and whether the expert's testimony is reliable are distinct inquiries"); TEX. R. CIV. P. 702.

We sustain HDC's second issue.

## Exclusion of Dr. Weil's Testimony At Trial

In its third issue, HDC argues that the trial court clearly abused its discretion in excluding Dr. Weil's testimony as to Gonzales's medical treatment and costs. In its mandamus response, Gonzales concedes that Dr. Weil may testify at trial regarding the reasonableness and necessity of Gonzales's medical treatment and costs, subject to any Rule 702 objections or other objections. Because of the clarifications announced in *Allstate* and the fact that Gonzales concedes this issue, HDC has shown that the trial court abused its discretion in precluding Dr. Weil from testifying as to the reasonableness and necessity of Gonzales's medical treatment and costs at trial. As stated above, Dr. Weil will still have to qualify as an expert on these matters. *See* TEX. R. CIV. P. 702.

We sustain HDC's third issue.

12

## Adequate Remedy by Appeal

In its fourth issue, HDC contends that it does not have an adequate remedy by appeal. HDC, primarily relying on *Allstate*, contends that the trial court's order "strips HDC from its right to present defenses for not only the reasonableness of Gonzales's medical costs, but also the necessity of the treatment he received" and that "[t]hese two issues go to the heart of HDC's defenses." HDC further contends that if "HDC is forced to try the case without its two retained experts, the trial court's death penalty sanction will result in an unfair trial, thereby leading to an inevitable appeal." Gonzales made no argument for or against an adequate remedy by appeal but concedes that mandamus relief should be granted on HDC's third issue.

In deciding whether to grant mandamus relief, we look to whether an appeal is an inadequate remedy. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding). "No specific definition captures the essence of or circumscribes what comprises an 'adequate' remedy; the term is 'a proxy for the careful balance of jurisprudential considerations,' and its meaning 'depends heavily on the circumstances presented.'" *Id.* (quoting *Prudential*, 148 S.W.3d at 136–37). Appellate courts will not intervene to control incidental trial court rulings when an adequate remedy at law exists. *See Prudential*, 148 S.W.3d at 136; *Walker*, 827

13

S.W.2d at 840. An appeal is an inadequate remedy if "a party's ability to present a viable claim or defense at trial is either completely vitiated or severely compromised." *Garza*, 544 S.W.3d at 840. With respect to this scenario, a "relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources." *Walker*, 827 S.W.2d at 843.

In *Allstate*, the supreme court first determined that the trial court abused its discretion in concluding that the affiant's counter-affidavit failed to establish that she was qualified to testify about the reasonableness of plaintiff's medical expenses. *Allstate*, 622 S.W.3d at 879. In addressing the second prong of mandamus relief, the supreme court noted that "[a]n appeal is not an adequate remedy when 'the party's ability to present a viable claim or defense at trial is vitiated or severely compromised' by the trial court's error." *Allstate*, 622 S.W.3d at 883. The trial court's order in *Allstate* (1) allowed plaintiff to avoid presenting expert testimony at trial to establish evidence sufficient to support a finding of reasonableness as to her medical expenses; (2) excluded the counter-affiant's testimony on any issue and (3) prohibited defendant from "offering evidence," questioning witnesses," or "arguing to the jury" about the reasonableness of plaintiff's medical expenses. *Allstate*, 622 S.W.3d at 883. The supreme court concluded that "the trial court's order not only precludes Allstate from presenting its own evidence regarding the

reasonableness of [plaintiff's] medical expenses, but it also prohibits Allstate from challenging [plaintiff's] evidence through cross-examination or jury argument" and the order "would preclude Allstate from engaging in meaningful adversarial adjudication of [plaintiff's] claim for payment of medical expenses, vitiating or severely compromising Allstate's defense." *Id.*

Here, the trial court clearly abused its discretion in striking Gupta's counter-affidavits. And, the order at issue, although not identical, is similar to the one in *Allstate* in that it (1) allows Gonzales to avoid presenting expert testimony at trial to establish evidence sufficient to support a finding of reasonableness as to his medical expenses; (2) excludes Gupta's testimony on any issue; and (3) excludes Dr. Weil's testimony as to reasonableness and necessity of Gonzales's medical treatment. Thus, as in *Allstate*, we likewise conclude that the trial court's broad order prevents Gupta's counter-affidavits and prevents Gupta and Dr. Weil from testifying as to reasonable and necessary medical treatment and costs. The order thus has the effect of vitiating or severely compromising HDC's defense. *See Allstate*, 622 S.W.3d at 883 n.9 (concluding relator did not have adequate remedy by appeal because it was precluded from adversarial adjudication of plaintiff's claim for payment of medical expenses that vitiated or severely compromised relator's defense).

We sustain HDC's fourth issue.

15

## Conclusion

We conditionally grant mandamus relief and direct the trial court to vacate the portion of its March 25, 2020 order striking Gupta's timely counter-affidavits and precluding Gupta and Dr. Weil from testifying.[6]  Our writ will issue only if the trial court fails to act.  We withdraw our June 17, 2021 order staying trial court proceedings.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.

---

[6]  In its mandamus petition, HDC stated that it was not challenging the portion of the trial court's order that struck Gupta's two untimely counter-affidavits regarding medical charges from Brio San Antonio and Central Texas Medical Center.